# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARGELIO GONZALES,    ) | |
|    ) | |
| Petitioner,    ) | |
|    ) | |
| v.    ) | CAUSE NO. 2:07-CV-040-AS |
|    ) | |
| CECIL DAVIS,    ) | |
|    ) | |
| Respondent.    ) | |

## *OPINION AND ORDER*

Argelio Gonzales, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his demotion from credit class 1 to credit class 2 in case ISP 05-12-0151 on December 22, 2005 by the Disciplinary Hearing Board (DHB) at the Indiana State Prison.[1]

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Mr. Gonzales was found guilty of battery in violation of A-102. He argues that, "When using a confidential informer, prior to their use, the state must establish their credibility." Petition at ¶ 12.A. In a habeas review of a guilty finding in a prison disciplinary case, a federal district court does not determine credibility nor weight evidence. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

---

[1] Mr. Gonzales simultaneously filed two other habeas corpus petitions challenging this same DHB determination. *See* 3:07-CV-041 and 3:07-CV-042. Those petitions raise the same grounds, but are worded slightly differently. Because a petitioner cannot challenge the same prison disciplinary proceeding in three different lawsuits at the same time, those two cases were dismissed. Nevertheless, the court has reviewed those petitions and considered their variant wordings in reaching its decision in this case.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the guard who was attacked named Mr. Gonzales as one of the attackers. Mr. Gonzales states that the guard said that he saw Mr. Gonzales swing a lock in a sock. Though he argues that the guard did not originally identify him, it is not for this court to judge if or how his prior statements undermine his subsequent testimony. Furthermore, the testimony of the guard is alone sufficient to support the finding of guilt without consideration of the other two unidentified witnesses whose credibility he argues was not properly established. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow

2

inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Finally, he argues that neither the conduct report nor the report of investigation support the charge against him. He argues that because the conduct report did not mention a weapon, it violates prison policy. Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief based on the violation of a prison rule, therefore in this proceeding, it is not relevant whether it was violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Mr. Gonzales misunderstands the purpose of those reports. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. These two reports clearly informed him of the charges against him. Though the charging notice did not explicitly mention a weapon, it nevertheless informed him that he was charged with battery against Lt. Cambe on November 17, 2005 in violation of A102. This sufficiently notified him of the charges he faced. Further, the argument that he is only guilty of the lesser offense B212 is meritless. As Mr. Gonzales stated in his petition, the guard said that he used a lock in a sock as weapon.

The evidence is sufficient and Mr. Gonzales was not denied his constitutional right to due process. For the foregoing reasons, the habeas corpus petition is **DENIED**.

**IT IS SO ORDERED.**

**ENTERED: March 2, 2007**          S/ ALLEN SHARP
                                    **ALLEN SHARP, JUDGE**
                                    **UNITED STATES DISTRICT COURT**